UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN RYAN SANDIFER                                        PLAINTIFF

V.                                                  CIVIL ACTION NO. 3:19-CV-623-DPJ-FKB

COPIAH BANK, N.A., ET AL                                   DEFENDANTS

ORDER

Plaintiff John Ryan Sandifer brought this action after a dispute over his credit report. He now seeks an order striking one of Defendant Equifax Information Services, Inc.'s affirmative defenses. For the following reasons, Sandifer's motion to strike [20] is granted in part and denied in part.

I.        Background

In 2009, Sandifer received a car loan from Defendant Copiah Bank, N.A. Pl.'s Am. Compl. [5] ¶ 17. One year later, Sandifer filed for Chapter 13 bankruptcy. *Id.* ¶ 21. Eight years after that, Sandifer was denied a loan to buy a motorcycle "due to negative reporting on his credit report." *Id.* ¶¶ 31–32. Sandifer says Equifax incorrectly reported that he was delinquent on his car-loan repayment when the debt had actually been "paid in full and discharged" in the 2010 bankruptcy. *Id.* ¶ 35.

According to Sandifer, Equifax's improper reporting violated 15 U.S.C. §§ 1681e(b), 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5). *Id.* ¶¶ 61, 69, 80, 85. Relevant here, Equifax filed an Answer and asserted as an affirmative defense that it "has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability." Def.'s Answer [10] at 11. Sandifer seeks to strike this affirmative defense.

II.      Standard

Under the Federal Rules of Civil Procedure, a defendant "must . . . state in short and plain terms its defenses to each claim asserted against it[.]" Fed. R. Civ. P. 8(b)(1)(A). If a defense is "insufficient[,] . . . redundant, immaterial, impertinent, or scandalous," then a court can strike it from the pleading. Fed. R. Civ. P. 12(f). "A Rule 12(f) motion serves to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Blount v. Johnson Controls, Inc.*, 328 F.R.D. 146, 148 (S.D. Miss. 2018) (quoting *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, No. H-09-2582, 2010 WL 2219179, at *5 (S.D. Tex. May 28, 2010)). A motion to strike "is a drastic remedy to be resorted to only when required for the purposes of justice." *Rogers v. Medline Indus., Inc.*, No. 1:17-CV-118-HSO-RHW, 2018 WL 6737286, at *1 n.2 (S.D. Miss. Dec. 21, 2018) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962)). Indeed, such motions are disfavored and "infrequently granted by the courts." *Adams Cty. Water Ass'n, Inc. v. City of Natchez*, No. 5:10-CV-199-DCB-RHW, 2012 WL 463740, at *1 (S.D. Miss. Feb. 13, 2012) (citing *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993)).

III.     Analysis

Sandifer argues that Equifax's affirmative defense is "invalid[] as a matter of law" because it "is too vague to give proper notice of the defense claimed" and is insufficiently pleaded. Pl.'s Mot. [20] ¶ 8. Equifax says it was simply "pleading a defense that denies an element of the plaintiff's case," which is not prohibited under the Federal Rules of Civil Procedure. Def.'s Resp. [24] at 4–5. Additionally, Equifax contends that the defense is related to the underlying controversy and does not prejudice Sandifer. *Id.* at 6.

Starting with the notice issue, this Court explained in *Blount v. Johnson Controls, Inc.*, that the "fair notice" standard still applies to affirmative defenses post-*Twombly*. 328 F.R.D. at 149. That standard is satisfied "if the defendant 'sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise.'" *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (quoting *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993)).

Sandifer alleged four claims against Equifax under the Fair Credit Reporting Act, specifically 15 U.S.C. §§ 1681e and 1681i. Equifax's defense at issue asserts that it "has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability." Def.'s Answer [10] at 11.

To the extent Equifax invokes statutory affirmative defenses in general, it did not do so with sufficient specificity. If there are applicable affirmative defenses "stated in the Act," then fair notice requires Equifax to articulate them. *Woodfield*, 193 F.3d at 362 (holding that "boilerplate" defenses failed to give the plaintiff notice). Sandifer's motion is therefore granted only to the extent Equifax is attempting to assert specific, unnamed affirmative defenses allowable under the Fair Credit Reporting Act. If Equifax wishes to raise those affirmative defenses, the Court will allow it to file an amended answer within 10 days of the date of this Order.

As to Equifax's alleged compliance with the statutes, "[a] denial that an essential element of a claim exists is not the same as an affirmative defense to the claim and need not be included in the answer under [R]ule 8(b)." *Am. Gooseneck, Inc. v. Watts Trucking Serv., Inc.*, No. 97-50969, 1998 WL 698937, at *4 (5th Cir. Sept. 16, 1998). Thus, "the fact that [Equifax] pleaded more than was required merely gives [Sandifer] a roadmap for the issues he may face during

discovery." *Blount*, 328 F.R.D. at 151. And mislabeling a defense as an affirmative defense does not warrant granting a Rule 12(f) motion. *Id.* Sandifer's motion is denied as to Equifax's assertion that it complied with the statutes it allegedly violated.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not change the outcome. For the reasons stated, Sandifer's motion to strike [20] is granted in part and denied in part.

Equifax is instructed to file an amended answer within 10 days if it seeks to assert specific statutory affirmative defenses.

**SO ORDERED AND ADJUDGED** this the 20th day of February, 2020.

> s/ *Daniel P. Jordan III*
> CHIEF UNITED STATES DISTRICT JUDGE